# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 27 2019, 10:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. O'Connor
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Phillip W. Hutchinson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 27, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1207<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Mark D. Stoner, Judge<br><br>Trial Court Cause No.<br>49G06-1708-F4-28677 |

**Baker, Judge.**

[1] Phillip Hutchinson appeals his conviction for Level 4 Felony Child Molesting,[1] arguing that the State committed prosecutorial misconduct that amounted to fundamental error and requires a reversal. Finding no misconduct, we affirm.

## Facts

[2] In July 2017, then-ten-year-old K.M. was living with her grandmother and her grandmother's boyfriend, Hutchinson. K.M.'s parents slept in their vehicle outside the home. One night, K.M. awoke to find Hutchinson standing over her and moving his fingers around her genitals. K.M. ran outside, crying, and began pounding on the door of the vehicle where her parents were sleeping, awakening them to tell them what had happened. The family immediately called the police.

[3] On August 7, 2017, the State charged Hutchinson with Level 4 felony child molesting and Level 1 felony child molesting, later adding an allegation that Hutchinson was an habitual offender. Hutchinson's jury trial took place on April 2-3, 2018. K.M. testified at the trial.

[4] During closing arguments, Hutchinson's attorney argued that K.M.'s testimony was not credible, arguing that it could have been a dream, that it could have been K.M.'s brother sleeping on her, and that K.M. may have made the accusation to get attention. Tr. Vol. II p. 191-92. On rebuttal, the prosecutor

[1] Ind. Code § 35-42-4-3.

responded, arguing that "[k]ids don't make this up for attention," *id.* at 195, and explaining the standard of review to the jury:

> Ladies and Gentlemen, [in] a second I'm going to sit down and you are going to go back to that jury room and you are going to start to deliberate. And you are going to get to the point where you say, "I believe her but how do you know it's beyond a reasonable doubt?" Yesterday, you didn't know K[.]M[.], you didn't know the Defendant and you didn't know what he did to her on July 25th of 2017. When you got to believe her, that is proof beyond a reasonable doubt, that's a guilty. And do not come back here and tell that little girl she is lying. Because to be clear, that's what a not guilty is. That girl got on the stand, promised to tell you the truth and told you what he did to her. It's always easier when stuff like this is done at some other time, in some other place, by some other people. But now is the time, this is the place, you are the people. And give the child justice, find him guilty.

*Id.* at 198-99. Hutchinson did not object to any of these statements. After deliberating, the jury found Hutchinson guilty of Level 4 felony child molesting and not guilty of Level 1 felony child molesting. On April 25, 2018, the trial court sentenced Hutchinson to eighteen years with three years suspended. Hutchinson now appeals.

## Discussion and Decision

[5] Hutchinson's sole argument on appeal is that we should reverse based on prosecutorial misconduct. He directs our attention to three statements made by the prosecutor that he claims constitute reversible misconduct:

- "Kids don't make this up for attention." Tr. Vol. II p. 195.

- "[D]o not come back here and tell that little girl she is lying. Because to be clear, that's what a not guilty is." *Id.* at 198.

- "[G]ive the child justice, find him guilty." *Id.* at 199.

[6] Initially, we note that to preserve a claim of prosecutorial misconduct, a defendant must raise a contemporaneous objection, request that the jury be admonished, and move for a mistrial if he is unsatisfied with the trial court's admonishment. *Cooper v. State*, 854 N.E.2d 831, 835 (Ind. 2006). Here, Hutchinson took none of these steps. Therefore, Hutchinson must show that the alleged misconduct amounts to fundamental error, meaning that the trial court erred in not sua sponte raising the issue because the alleged misconduct constituted clearly blatant violations of basic principles and presented an undeniable and substantial potential for harm. *Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014).

[7] In reviewing a claim of prosecutorial misconduct, we must determine (1) whether misconduct occurred, and if so, (2) whether the misconduct, under all of the circumstances, placed the defendant in a position of grave peril to which he would not otherwise have been subjected. *Id.* at 667.

[8] Hutchinson argues that the first statement amounted to impermissible vouching for the credibility of a witness. *See Brummett v. State*, 10 N.E.3d 78, 83-84 (Ind. Ct. App. 2014) (noting that a prosecutor may not state his or her personal opinion regarding the credibility of a witness during trial). This statement was made during rebuttal, a time in which a prosecutor may rebut the allegations

and inferences raised during the defendant's closing. *Johnson v. State*, 584 N.E.2d 1092, 1107 (Ind. 1992). In fact, during rebuttal, prosecutors may respond to the statements made during defense counsel's closing argument "even when such arguments by the State may under different circumstances be objectionable." *Trice v. State*, 519 N.E.2d 535, 538 (Ind. 1988). During closing argument, Hutchinson's counsel repeatedly attacked K.M.'s credibility, going so far as to suggest that she had fabricated the incident to get attention. When the prosecutor responded during closing argument that "[k]ids don't make this up for attention," tr. vol. II p. 195, it was a direct response to defense counsel's statement. Therefore, rather than being impermissible vouching, this was an appropriate statement to make during rebuttal.

[9] Moreover, this statement was sandwiched between many specific references to the evidence in the record to support it. Specifically, the prosecutor referred to evidence that K.M. disliked drama at school, that she referred to her genitals as her "private part," *id.* at 60, and that she had been forced to meet with numerous law enforcement officials during the investigation, to show that K.M. did not feel comfortable discussing the events and did not want the attention that she got as a result. The prosecutor also emphasized circumstantial evidence supporting K.M.'s allegations and highlighted the fact that K.M. had sworn an oath to tell the truth.[2] By linking the general statement that "[k]ids

---

[2] To the extent that Hutchinson argues that the reference to K.M.'s oath to tell the truth was improper vouching, we disagree. The prosecutor was merely recounting something that the jurors themselves had observed firsthand.

don't make this up for attention," *id.* at 195, to specific evidence in the record, the prosecutor appropriately relied on the evidence in the record rather than on her own personal knowledge. We find no prosecutorial misconduct based on this statement.

[10] Second, Hutchinson directs our attention to the prosecutor's direction to the jury: "[D]o not come back here and tell that little girl she is lying. Because to be clear, that's what a not guilty is." *Id.* at 198. Hutchinson argues that this statement was an improper shift of the burden of proof, claiming that "[i]n effect, the State was arguing that the burden of proof is an all or nothing proposition, that the jury must either believe K.M. or conclude that she fabricated her entire story." Appellant's Br. p. 11.[3]

[11] It is true that a prosecutor may not suggest that a defendant shoulders the burden of proof in a criminal case. *E.g.*, *Stephenson v. State*, 742 N.E.2d 463, 483 (Ind. 2001). But we fail to see how this statement was designed to, or had the effect of, requiring Hutchinson to prove his innocence. When viewed in context, it is apparent that the prosecutor was merely telling the jury that if it found K.M.'s testimony to be credible, that testimony, alone, was sufficient to sustain a guilty verdict:

> [Y]ou are going to get to the point where you say, "I believe her but how do you know it's beyond a reasonable doubt?"

---

[3] To the extent that Hutchinson argues that this statement also amounted to improper vouching, we refer to our analysis above and find, again, that there is no misconduct on this basis.

Yesterday, you didn't know K[.]M[.], you didn't know the Defendant and you didn't know what he did to her on July 25th of 2017. When you got to believe her, that is proof beyond a reasonable doubt, that's a guilty. And do not come back here and tell that little girl she is lying. Because to be clear that's what a not guilty is.

Tr. Vol. II p. 198. We acknowledge that the point could have been more artfully made. But when viewed as a whole, it is apparent that these comments accurately recounted the burden of proof to the jury. Moreover, the jurors were properly instructed on the presumption of innocence and the State's burden of proof. *See Stephenson*, 742 N.E.2d at 483 (noting that if prosecutor makes improper statements shifting burden of proof, the error is cured with a proper advisement made by the trial court). Therefore, this argument is unavailing.

[12] Finally, Hutchinson argues that the prosecutor committed misconduct when telling the jury to "give the child justice, find him guilty." Tr. Vol. II p. 199. This Court has long held that "[i]t is misconduct for a prosecutor to request the jury to convict a defendant for any reason other than his guilt or to phrase final argument in a manner calculated to inflame the passions or prejudice of the jury." *Neville v. State*, 976 N.E.2d 1252, 1264 (Ind. Ct. App. 2012). But even when this rule is violated, we will not reverse if the statement was "fleeting" and could not have placed the defendant in grave peril or rendered a fair trial impossible. *Emerson v. State*, 952 N.E.2d 832, 838 (Ind. Ct. App. 2011).

[13] We tend to agree that this statement, in a vacuum, suggests that the jury should convict to give K.M. justice, which is improper. But it was made at the end of a

rebuttal that was filled with specific references to evidence in the record and arguments as to why, based on that evidence, Hutchinson was guilty. We can only find that this comment was fleeting and was far from placing Hutchinson in grave peril or rendering a fair trial impossible. Therefore, this argument is unavailing.

[14] As a final aside, we note that the jury found Hutchinson guilty of Level 4 felony child molesting and not guilty of Level 1 felony child molesting. This result shows that the jurors carefully considered and weighed all of the evidence and the elements that needed to be proved beyond a reasonable doubt to convict. Given a record that is full of evidence supporting Hutchinson's guilt and a jury that diligently exercised its responsibilities, even if we had found that any of the above statements constituted misconduct, we would not have found that they amounted to fundamental error.

[15] The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.